## UNITED STATES v. MONTGOMERY WARD & CO.

**No. 4391.**—Invoice dated Berlin, Germany, June 24, 1937.
Certified June 24, 1937.

Entered at Portland, Oreg., October 8, 1937.
Entry No. 320.

(Decided September 19, 1938)

*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott*, special attorney), for the plaintiff.

*G. W. R. Wallace* for the defendants.

EVANS, Judge: This is an appeal by the collector of customs from a finding of value made by the appraiser at the port of Portland, Oreg., upon an importation described on the invoice as 1 case accordions, 40 pieces. They were appraised at the invoice unit value, plus packing as invoiced, on the basis of export value under the provisions of section 402 (d) of the Tariff Act of 1930.

At the trial the appraiser testified that he did not include an item of home consumption tax of 2 per centum in his appraised value; that he did not find any foreign market for this merchandise, and quoted in support of this action the declaration of the exporter appearing on the invoice as follows:

We certify that the above mentioned price is subject to a home consumption tax of 2% if sold for use in Germany and further that such consumption tax is not included in the above mentioned price.

This merchandise is manufactured for export only.

The deputy collector of customs was also called as a witness by the Government attorney and stated that his reason for recommending an appeal to reappraisement in this case was the statement of the exporter quoted above. However, he offered no proof that there was a home market for this merchandise in the country of origin. The collector having taken an appeal, the same burden was upon him as upon any other appellant to sustain his appeal by evidence (C. R. 29242). The only proof in the record as to the 2 per centum tax is contained in the declaration on the invoice quoted above. It thus appears that the case turns on the interpretation to be placed on such declaration.

The appraiser evidently interpreted it to mean that the goods were not sold for use in Germany, being manufactured for export only, and that, therefore, the tax was not applicable. The collector took the opposite view.

I agree with the interpretation placed upon the declaration by the appraiser, i. e., that there was no home market and therefore no foreign value for the merchandise.

I therefore find that the record sustains the action of the appraiser and hold that the entered and appraised value for the accordions is correct.

Judgment will be rendered accordingly. It is so ordered.